UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

JAY WINEGARD, on behalf of himself and all
others similarly situated,

                     Plaintiff,

        -against-

NBCUNIVERSAL MEDIA, LLC,

                 Defendant(s),

_____X

Case No.:

CLASS ACTION COMPLAINT

1.     Plaintiff, JAY WINEGARD (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by their attorney, the Law Offices of Mitchell S. Segal, P.C., hereby files this Class Action Complaint against the Defendant, NBCUNIVERSAL MEDIA, LLC, (hereinafter "Defendant") and states as follows:

2.     The Plaintiff brings this class action for retribution for Defendant's actions against deaf and hard of hearing individuals residing in New York and within the United States. Defendant has denied the Plaintiff, who is deaf and deaf and hard-of-hearing individuals' access to goods and services provided to non-disabled individuals through its Website www.golfchannel.com (hereinafter the "Website"), and in conjunction with its physical location of offices, televisions studios, video and live event studios and locations, live events, and instructional seminars and event locations, is a violation of Plaintiff's rights under the American with Disabilities Act ("ADA").

3.     On the Golfchannel.com Website, under "About us" Golfchannel.com is described as

follows:

"NBC Sports Group's GOLF division delivers multimedia golf content, technology and services. Anchored by GOLF Channel – co-founded by Arnold Palmer in 1995 – GOLF Channel content is available to nearly 500 million viewers in nine languages across more than 70 countries around the world.  GOLF features more live coverage of the sport than all other U.S. networks combined, including global tournament action from the PGA TOUR, LPGA Tour, European Tour, NCAA, THE PLAYERS, The Open, Olympics, Presidents Cup and Ryder Cup, as well as high-quality news, instruction and original programming.  Delivering unmatched coverage from the world of golf via GOLF Channel Digital, fans can access 24/7 live streaming through the NBC Sports App, as well as complementary coverage via PGA TOUR LIVE on NBC Sports Gold.

In addition, NBC Sports connects the world to golf through a wide array of technology and lifestyle services, including: GOLFNOW and TeeOff, the world's largest online tee time booking platforms; GOLF Business Solutions, solving business needs through leading technology, marketing and services; GOLFPASS, an all-in-one digital membership delivering comprehensive benefits tailored to the modern golfer's lifestyle; and GOLF Advisor, the ultimate digital destination for the traveling golfer, featuring the largest number of user-generated golf course ratings and reviews in the industry. GOLF's global reach originates from its world headquarters in Orlando, Fla., and extends to its international office in Belfast, Northern Ireland; regional offices across North America, Europe and Australia; and also includes collaborations with Sky Sports and serving as the Official Media Partner of St Andrews Links."

4.      Defendant provides goods and services to the public through its Website.  However, due to barriers that make it difficult for deaf and hard-of-hearing individuals to use the Website, the Plaintiff, and other deaf and hard of hearing individuals cannot understand the audio portion of videos on the Website about Golf Tips, Lessons & Instruction, Rules, Golf Equipment, News, Golf Products, Golf Travel destinations and other video content that non - deaf and hard-of-hearing individuals can.

5.      Defendant excludes the deaf and hard of hearing from the full and equal participation on its Website and therefore denial of its products and services offered thereby and in conjunction with its physical locations and is a violation of Plaintiff's rights under the ADA.

6.      Plaintiff, lives in Queens County, New York State and is a deaf individual. He brings this class action against the Defendant for failing to own and/or operates the Website that is fully accessible to and usable by deaf and hard-of- hearing people without the help of others in violation of Title III of the American Disabilities Act ("ADA"); the New York Human Rights Law ("NYHRL"); the New York State Civil Rights Law; and the New York City Human Rights Law ("NYCHRL").

7.      Deaf or hard of hearing individuals require closed captioning to understand the audio components of video content. Closed captioning displays text on videos, television programming, or DVD video programming in addition to online websites allowing deaf and hard-of-hearing individuals the same and equally accessible experience as non-deaf or hard of hearing individuals to watch videos by reading the captioned text.

8.      Without closed captioning deaf and hard-of-hearing people cannot enjoy video content on the Defendant's Website while the general public can.

9.      The Defendant has videos on its Website without closed captioning, or with limited closed captioning, which are inaccessible to deaf and hard-of-hearing individuals. Without closed captioning, deaf and hard-of-hearing people cannot understand the audio portion of the videos on the Website.

10.      As a result of the Defendant's Website not being accessible to deaf and hard-of-hearing persons, Defendant violates state and federal law civil rights laws.

11.    The American Disabilities Act prevents discrimination against people with disabilities. Website barriers that prevent accessibility to deaf and hard of hearing individuals are discriminatory acts. New York State also requires access to goods, services, and facilities by making reasonable accommodations for persons with disabilities.

12.    The Plaintiff in this matter was on the Defendant's Website in order to watch videos on the day of September 10, 2020 and subsequent days.  However, due to access barriers, the Plaintiff could not watch the content on the Website and Plaintiff and Class members will continue to be unable to watch video content on the Website unless the Defendant corrects the existing barriers on the Website.  The Plaintiff and Class members intend to revisit the Website for content and information about Golf Tips, Lessons & Instruction, Rules, Golf Equipment, News, Golf Products, Golf Travel destinations and other video content that non - deaf and hard-of-hearing individuals can in addition to learning about travel destinations as the Plaintiff is desirous of vacationing on a golf resort and playing golf.  Additionally the Plaintiff and the Class would subscribe for premium content that is offered on the Website.

13.    The failure of the Defendant to provide access to the millions of deaf and hard of hearing individuals in the United States violates the American with Disabilities Act ("ADA") goal of providing "full and equal enjoyment" of a public accommodation's goods, services, facilities and privileges.  Places of public accommodation include but are not limited to "place[s] of exhibition and entertainment", "place[s] of recreation", "sales or rental establishment[s]" and "service establishments". 28 CFR § 36.201(a); 42 U.S.C. § 12181(7).  The Defendant's Website is a "place of public accommodation" which denies equal access to its video content which is available to hearing individuals and violates the ADA.

## JURISDICTION AND VENUE

14.    This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and

42 U.S.C. § 12181 for Plaintiff's claims which arise under Title III of the Americans with

Disabilities Act, 42 U.S.C. § 12181, *et seq,* ("ADA"); and 28 U.S.C. § 1332, a class action as

defined by 28 U.S.C § 1332(d)(l)(B), in which a member of the presumed Class is a citizen of a

state other than that of the Defendant, and the amount in controversy exceeds the sum or value of

$5,000,000, excluding interest and costs. See 28 U.S.C. § 1332(d)(2).


15.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 under the New

York State Human Rights Law, N.Y. Executive Law, Article 15 (Executive Law§ 290 *et seq.),*

the New York State Civil Rights Law, N.Y. Laws Article 4 *et seq.*, and the New York City

Human Rights Law, N.Y.C. Administrative Code § 8-101 *et seq.* ("NYCHRL").


16.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b)-(c)

and 144l(a).


17.    The Defendant's actions occurred while the Plaintiff attempted to watch videos on

Defendant's Website at his home located in the Eastern District.


18.    Defendant is subject to personal jurisdiction in the Eastern District.  Defendant has

and is continuing to commit the acts or omissions alleged in the Eastern District of New York

that caused injury and violated the Plaintiff's rights and the rights of other deaf and hard of hearing

individuals.

19.    This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## PARTIES

20.    The Plaintiff is and has been at all times a resident of Queens County, New York.

21.    Plaintiff is legally deaf and is disabled as defined in the American Disability Act ("ADA") under 42 U.S.C. § 12102(1)-(2), 28 CFR §§ 36.101 et seq., the New York State Human Rights Law, and the New York City Human Rights Law.

22.    Plaintiff has been denied equal access of the facilities, goods, and services of the Defendant's Website due to its lack of accessibility.  The Plaintiff attempted to watch various videos to learn about Golf Tips, Lessons & Instruction, Rules, Golf Equipment, News, Golf Products, Golf Travel destinations on www.golfchannel.com including but not limited to "What's different about Mission Hills in Sept? Cornwell explains", "Breaking Par with Cameron McCormick – Introduction", "Golf Central Update: USGA announces new partnership with Pinehurst" and "Breaking 80 with Martin Hall", but was unable to do so due to their lack of closed captioning.  Plaintiff and Class members cannot watch videos on the Website and have been prevented from accessing the Website although they would like to and intend to visit the Website in the future and enjoy video content as non-deaf individuals can. Currently they cannot.  The Website is non-accessible.  The Plaintiff is desirous of returning to the Website to get instructions on his swing and to learn about various golfing travel destinations as he intends to plan a golf trip this summer.  Additionally, the Plaintiff

would like to subscribe to the Websites premium content but feels it is useless to do so as a result of the Websites barriers to access.

23.     The Defendant, NBCUNIVERSAL MEDIA, LLC is a Foreign Limited Liability Company organized under the laws of Delaware and is registered to do business in the State of New York with the headquarters at 7580 Golf Channel Drive, Orlando, FL 32819.

24.      The Defendant owns, manages, controls and maintains the Website with the domain name of www.golfchannel.com (the "Website"). Defendant offers information and video on Golf Tips, Lessons & Instruction, Rules, Golf Equipment, Golf Travel Destinations, News and other video content, all of which is content on the Website. The Defendant is an American sports television network owned by the NBC Sports Group division of NBCUniversal, a subsidiary of Comcast. The channel focuses on coverage of the sport of golf, including live coverage of tournaments, as well as factual and instructional programming. Via the Golf Channel unit, Comcast also owns other golf-related businesses, including the course reservation service GolfNow, online golf instruction provider Revolution Golf, and the World Long Drive Championship.  The Defendant also owns and leases numerous physical places of public accommodations and offices which operates in conjunction with its Website.

25.     The Defendant's barriers to accessibility affect millions of deaf and hard-of-hearing individuals throughout the country by preventing full and equal access and enjoyment of a public accommodation's goods, services, facilities, and privileges.

26.      The Website is a place of public accommodation defined as a "place[s] of exhibition and

entertainment," "places[s] of recreation," "sales or rental establishments" and "service establishments." 28 C.F.R. § 36.201 (a); 42 U.S.C. §12181 (7).  Defendant's offices, televisions studios, video and live event studios and locations, live events, and instructional seminars and event locations are also public accommodations.

27.    The Plaintiff seeks injunctive and declaratory relief requiring the Defendant to correct the barriers which prevent access for death and hard of hearing individuals so that they can enjoy the Defendant's Website as non-deaf and hard-of-hearing individuals are able to do.

## CLASS ACTION ALLEGATIONS

28.    Plaintiff, for himself and on behalf of others similarly situated, seeks class action certification pursuant to the Federal Rules of Civil Procedure Rule 23(a) and 23 (b)(2) of all deaf and hard of hearing individuals in the United States who have been denied equal access to goods and services of the Defendant's Website.

29.    Plaintiff, on behalf of himself and on behalf of all others similarly situated, seeks to certify a New York State subclass under Federal Rules of Civil Procedure Rule 23(a) and 23 (b)(2) of all deaf and hard of hearing individuals in the State of New York who have been denied equal access to goods and services of the Defendant's Website.

30.    Plaintiff, on behalf of himself and on behalf of all others similarly situated, seeks to certify a New York City subclass under Federal Rules of Civil Procedure Rule 23(a) and 23(b)(2) of all deaf and hard of hearing individuals in the City of New York who have been denied equal access to goods and services of the Defendant's Website.

31.    The Class is so numerous, being composed of millions of deaf and hard of hearing individuals, that joinder of all members is impracticable.  Additionally, there are questions of law and/or fact common to the Class and the claims of the Plaintiff are typical of the Class claims.

32.    Common questions of law and fact exist amongst the Class including:

    a.    Whether the Website is a "public accommodations"under the ADA and New York laws;

    b.    Whether there was a violation under the ADA due to the barriers that exist on the Defendant's Website and whether the Plaintiff and the Class were denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations; and

    c.    Whether there was a violation under New York law due to the barriers that exist on the Defendant's Website and whether the Plaintiff and the Class were denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations.

33.    The Plaintiff's claims are typical of those of the Class as they both claim that the Defendant violated the ADA, and/or the laws of New York by failing to have its Website accessible.

34.    Plaintiff will fairly and adequately represent and protect the interests of the Class members as the Plaintiff and the Class are both deaf or hard of hearing individuals having the same claims.

35.    Class certification under Fed. R. Civ. P. 23(b)(2) is proper because Defendant has acted or refused to act on grounds applicable to the Class as a whole, making declaratory and injunctive relief appropriate.

36.    Questions of law or fact which affected Class members predominate questions which affected individual Class members and a class action will fairly and efficiently determine this litigation.

37.    Counsel for the Plaintiff is experienced representing both Plaintiffs and Defendant in class actions.  As such the Class will be properly represented.

38.    Judicial economy requires this action be certified as a class action as it will prevent a voluminous amount of individual lawsuits filed by deaf or hard of hearing individuals throughout the United States.

## **FACTUAL ALLEGATIONS**

39.    Defendant owns, operates, controls and maintains the Website, which provides information and video content on Golf Tips, Lessons & Instruction, Rules, Golf Equipment, Golf Destinations, News and other video content, all of which is content on the Website. The Defendant is an American sports television network owned by the NBC Sports Group division of NBCUniversal, a subsidiary of Comcast. The channel focuses on coverage of the sport of golf, including live coverage of tournaments, as well as factual and instructional programming. Via the Golf Channel unit, Comcast also owns other golf-related businesses, including the course reservation service GolfNow, online golf instruction provider Revolution Golf, and the World Long Drive Championship.  The Defendant also owns and leases numerous physical places of public accommodations and offices which operates in conjunction with its Website.

40.    The Website can be viewed by individuals located in New York State in addition to

individuals from all states throughout the United States and can be reached from computers, tablets and cellphones which can access the internet.

41.    In order for the deaf and hard of hearing to access video content, a website, including the Defendant's Website, must have the ability to turn voice content into readable content.  Closed captioning is the process by which this is done.  Without the use of closed captioning, a deaf or hard of hearing individual would have to have someone present while they are watching a video to interpret and explain the audio content for them.

42.    Various recommendations and guidelines exist in order to make websites, including the Defendant's Website, compliant with the ADA.   Web Content Accessibility Guidelines ("WCAG") is one of those guidelines.  WCAG 2.1 Section 1.2.2 states that "Captions are provided for all prerecorded audio content in synchronized media, except when the media is a media alternative for text and is clearly labeled as such".   Additionally, Section 508, an amendment to the United States Workforce Rehabilitation Act of 1973, requires all electronic and information technology be accessible to individuals with disabilities and requires closed captioning for video content.

43.    The Website's numerous videos, which cannot be accessed by deaf and hard of hearing individuals, are in violation of the ADA and New York laws.  Videos include most of the Websites videos in addition to the videos the Plaintiff tried to access mentioned herein.

44.    The Plaintiff in this matter was on the Defendant's Website in order to watch videos on the

day of September 10, 2020 in addition to subsequent days.  The Plaintiff attempted to watch various videos to learn about Golf Tips, Lessons & Instruction, Rules, Golf Equipment, Golf Travel Destinations, News and other video content on www.golfchannel.com including but not limited to "What's different about Mission Hills in Sept? Cornwell explains", "Breaking Par with Cameron McCormick – Introduction", "Golf Central Update: USGA announces new partnership with Pinehurst", and  "Breaking 80 with Martin Hall",  but was unable to do so due to their lack of closed captioning.  Plaintiff and Class members cannot watch videos on the Website and have been prevented from accessing the Website although they would like to and intend to visit the Website in the future and enjoy video content as non-deaf individuals can and do and learn about how Golf Tips, Lessons & Instruction, Rules, Golf Equipment, Golf Travel Destinations, News and other video content.  Currently they cannot.  The Website is non-accessible. There is no closed captioning on the videos.  There are additional videos on the Defendant's Website which have no closed captioning.  Plaintiff and Class members cannot watch videos on the Website and have been prevented from accessing the Website although they would like to and intend to visit the Website in the future and enjoy video content as non-deaf individuals can. Currently they cannot.  The Website is non-accessible.  The Plaintiff is desirous of returning to the Website to get instructions on his swing and to learn about various golfing travel destinations as he intends to plan a golf trip this summer.  Additionally, the Plaintiff would like to subscribe to the Websites premium content but feels it is useless to do so as a result of the Websites barriers to access.  The Defendant's access barriers prevent the Plaintiff from enjoying the goods, services and benefits offered by the Website in conjunction with their physical locations and as such denied the Plaintiff equal access.


45.    This lack of closed captioning by the Defendant on their Website prevent not only the

Plaintiff but also the deaf and hard of hearing located in New York State and nationally from

having equal access as non-deaf and non-hard of hearing individuals have, preventing deaf and

hard of hearing individuals from enjoying the goods, services and benefits offered by the Website.

46.    Defendant has intentionally failed and refused to remove the Website's barriers of access by

failing to use closed captioning thereby denying equal access to the Plaintiff and the Class and

discriminates against the Plaintiff and the Class in violation of the ADA and New York laws.

## FIRST CAUSE OF ACTION ON BEHALF OF
## THE PLAINTIFF, THE CLASS AND THE SUBCLASS

Violation of Title III of the Americans with Disabilities Act

47.    The Plaintiff realleges and incorporates the allegations contained in paragraphs "1" to "46"

as if fully set forth herein.

48.    The Plaintiff is deaf and requires closed captioning to have full and equal access to

audio and audiovisual content and has an impairment that substantially limits one or more of

his major life activities and is therefore an individual with a disability as defined under the

ADA, 42 U.S.C. § 12102(2).

49.    Title III of the ADA provides that "No individual shall be discriminated against on the

basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, or accommodations of any place of public accommodation by any person who

owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §

12182(a); 28 C.F.R. §36.201.

50.     Title III of the ADA provides that "places of public accommodation" may not discriminate against people with disabilities.    Defendant operates a place of public accommodation as defined by Title III of ADA, 42 U.S.C. § 12181(7) ("place of exhibition and entertainment," "place of recreation," "sales or rental establishments" and "service establishments").

51.     Defendant has failed to provide closed captioning on its Website making videos contained on its Website non-accessible to deaf and hard of hearing individuals.

52.     Discrimination under Title III includes the denial of an opportunity for the deaf or hard of hearing to participate in programs or services or to provide a service that is not equal to a service afforded to others.    42 U.S.C. §12182(b)(l)(A)(i-iii).

53.      Defendant discriminates against the Plaintiff on the basis of his disability by denying him an equal opportunity to participate in and benefit from Defendant's goods, services, facilities, privileges, advantages and/or accommodations in violation of Title III of the ADA, 42 U.S.C. § 12182 (b)(l)(A)(I), which includes the failure to provide auxiliary aids and services such as closed captioning to ensure effective communication to deaf and hard-of-hearing individuals. 42 U.S.C. § 12182(b)(l)(A)(III); 28 C.F.R. § 36.303(c); 28 C.F.R. § 36.303 (b)(1).

54.     Failure to allow individuals with disabilities or a class of individuals having disabilities to participate in or benefit from the goods, services, facilities, privileges, advantages, or

accommodations offered to others is discrimination 42 U.S.C. § 12182(b)(1)(A)(i).

55.    Failure to make modifications that are reasonable in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities is unlawful, unless implementing these modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(ii).

56.    "A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden" is a prohibited discriminatory practice under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii).

57.    The Defendant's actions or lack of actions are discriminatory acts against the Plaintiff, the Class and the Subclass as they have denied deaf and hard of hearing individuals an equal opportunity to participate and benefit from Defendant's goods, services, facilities, privileges, advantages and/or accommodations, in violation of 42 U.S.C. § 1282(b)(1)(A).  Additionally, the Defendant failed to make reasonable modifications in policies, practices and procedures when necessary to afford the Plaintiff, the Class and Subclass such goods, services, facilities,

privileges, advantages or accommodations in violation of 42 U.S.C. § 1282(b)(2)(A)(ii) and failed to take necessary steps to ensure that the Plaintiff and other deaf and hard of hearing individuals are not excluded, denied services, segregated or treated differently than others because of the absence of auxiliary aids and services, including the use of closed captioning on its Website.

58.    The Defendant has denied full and equal access to deaf and hard of hearing individuals to their Website by having barriers to their services and accommodations while providing access to their services and accommodations to non-deaf and hard of hearing individuals.

59.     By making the necessary modification of adding closed captioning to its Website, the Defendant would not alter the nature of their goods, services, privileges, advantages or accommodations nor would it result in an undue burden to the Defendant.

60.    The Defendant must be enjoined from engaging in these unlawful discriminatory practices such that the Plaintiff, the Class and Subclass will no longer be discriminated against.

61.     Absent injunctive relief, there is a clear and imminent risk that the Defendant's discriminatory actions will continue against the Plaintiff, the Class and Subclass causing irreparable harm.

62.    Plaintiff is entitled to injunctive relief in addition to attorney fees, costs and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1).

## SECOND CAUSE OF ACTION ON BEHALF OF
## THE PLAINTIFF AND THE SUBCLASS

Violation of New York State Human Rights Law

63.    The Plaintiff realleges and incorporates the allegations contained in paragraphs "1" to "62" as if fully set forth herein.

64.    At all times relevant to this action, the New York Human Rights Law ("NYHRL"), Article 15 of the N.Y. Executive Law §§ 290 et. seq. covers the actions of the Defendant.

65.    Defendant qualifies as a person within the meaning of Article 15 of the N.Y. Executive Law § 292(1).

66.    The Plaintiff, at all times relevant to this action, has a substantial impairment to a major life activity of hearing and is an individual with a disability under Article 15 of the N.Y. Executive Law § 292(21).  The Defendant, at all relevant times to this action, owns and operates a place of accommodation, the Website, within the meaning of Article 15 of the N.Y. Executive Law § 292(9) along with its physical locations which include Defendant's offices, televisions studios, video and live event studios and locations, live events, and instructional seminars and event locations which are also public accommodations.

67.    Pursuant to Article 15 N.Y. Executive Law § 296(2)(a) "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation ... because of the ...

disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

68.     Discrimination includes the refusal to adopt and implement reasonable modifications in policies, practices or procedures when they are necessary to afford, facilities, privileges, advantages or accommodations to individuals with disabilities. Article 15 of the N.Y. Executive Law§ 296(2)(a), § 296(2)(c)(i).

69.     Defendant's actions violate Article 15 of the N.Y. Exec. Law § 296(2)(a) by discriminating against the Plaintiff and the Class, including the Subclass by (i) owning and operating the Website that is inaccessible to deaf and hard of hearing persons; and (ii) by not removing access barriers to its Website in order to make its videos accessible to the deaf and hard of hearing when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities.  This inaccessibility denies the deaf and hard-of-hearing full and equal access to the facilities, goods and services that the Defendant makes available to individuals who are not deaf or hard of hearing. Article 15 of the N.Y. Exec. Law§ 296(2)(c).

70.     The Defendant's discriminatory practice also include "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden." Article 15 of the N.Y. Exec. Law § 296(2)(c)(ii).

71.     Well established guidelines exist for making a website accessible to the deaf and hard of

hearing and are easily obtainable.  The guidelines have been used and followed by government and businesses in making their websites accessible to the deaf and hard of hearing, including but not limited to the use of closed captioning.  Incorporating this component by Defendant in its Website would not fundamentally alter the Defendant's Website or business and would not result in an undue burden.

72.    Defendant has intentionally and willfully discriminated against the Plaintiff, the Class and Subclass in violation of the New York State Human Rights Law, Article 15 of the N.Y. Exec. Law § 296(2) and this discrimination continues to date.

73.    Absent relief, Defendant's discrimination will continue against the Plaintiff, the Class and Subclass causing irreparable harm.

74.    Plaintiff is therefore entitled to compensatory damages, civil penalties and fines for each and every discriminatory act in addition to reasonable attorney fees and the costs and disbursements of this action.  Article 15 of the N.Y. Exe. Law §§ 297(9), 297(4)(c) et seq.

## THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF AND THE SUBCLASS

### Violation of New York State Civil Rights Law

75.    The Plaintiff realleges and incorporates the allegations contained in paragraphs "1" to "74" as if fully set forth herein.

76.    Plaintiff served notice of this lawsuit upon the attorney general as required by N.Y. Civil Rights Law § 41.

77.    Persons within N.Y.S. are entitled to full and equal accommodations, advantages, facilities and privileges of places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons.   No persons, being the owner of a place of public accommodation, shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities and privileges thereof.   N.Y. Civ. Rights Law § 40.

78.    No person because of disability, as defined in § 292 (21) of the Executive Law, shall be subjected to any discrimination in his or her civil rights by person or by any firm, corporation or institution, or by the state or any agency or subdivision. N.Y. Civ. Rights Law ("NYCVR") § 40-c.

79.    § 292 of Article 15 of the N.Y. Executive Law deems a disability a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function.   As such the Plaintiff is disabled under the N.Y. Civil Rights Law.

80.    Defendant discriminates against the Plaintiff and Subclass under CVR § 40 as Defendant's Website is a public accommodation that does not provide full and equal accommodations, advantages, facilities and privileges to all persons and discriminates against the deaf and hard of hearing due to its lack of closed captioning for the death and hard of hearing.

81.    Defendant intentionally and willfully failed to remove the barriers on their Website

discriminating against the Plaintiff and Sub-Class preventing access in violation of CVR §40.

82.    Defendant has failed to take any steps to halt and corrects their discriminatory conduct and discriminates against and will continue to discriminates against the Plaintiff and the Sub-Class members.

83.    Under N.Y. Civil Rights Law § 41 a corporation which violates any of the provisions of §§ 40, 40-a, 40-b or 42 shall be liable for a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby… in any court of competent jurisdiction in the county in which the plaintiff or defendant shall reside.

84.    Plaintiff hereby demands compensatory damages of five hundred dollars for the Defendant's acts of discrimination including civil penalties and fines pursuant to N.Y. Civil Law § 40 et seq.

## FOURTH CAUSE OF ACTION ON BEHALF OF
## THE PLAINTIFF AND THE SUBCLASS

Violation of New York City Human Rights Law

85.    The Plaintiff realleges and incorporates the allegations contained in paragraphs "1" to "84" as if fully set forth herein.

86.    At all times, the New York City Human Rights Law ("NYCHRL"), New York City Administrative Code §§ 8-101 *et seq.* applied to the conduct of the Defendant as the Defendant owns and operates the Website and are persons under the law.

87.    At all times concerning this action the Plaintiff has had a substantial impairment to a

major life activity of hearing and is an individual with a disability under N.Y.C.

Administrative Code § 8-102(16).

88.    At all times concerning this action the Defendant's Website is a place of public

accommodation as defined in N.Y.C. Administrative Code § 8-102(9).

89.    "It shall be an unlawful discriminatory practice for any person, being the owner,

lessee, proprietor, manager, superintendent, agent or employee of any place or provider of

public accommodation, because of the actual or perceived ……. disability …. of any person

to withhold from or deny to such person any of the accommodations required to make

reasonable accommodations to a disabled individual and may not "refuse, withhold from or

deny to such person any of the accommodations, advantages, facilities or privileges thereof"

N.Y.C. Admin. Code § 8-107(4)(a).

90.    The willful and intentional non-removal of the Website's barriers of access for the

Plaintiff, the Class and the Subclass by the Defendant discriminates against the deaf and hard of

hearing by denying them full and equal access to the facilities, goods, and services that Defendant

makes available to the non-deaf and hard of hearing individuals.

91.    It is discriminatory for the Defendant "not to provide a reasonable accommodation to

enable a person with a disability to …. enjoy the right or rights in question provided that the

disability is known or should have been known by the covered entity." N.Y.C. Administrative

Code § 8-107(15)(a).

92.    Defendant's actions will continue to prevent the Plaintiff, the Class and Subclass from accessing the Website as the remaining public can and the Plaintiff requests injunctive relief.

93.    Plaintiff is also entitled to compensatory damages for the injuries and loss sustained as a result of the Defendant's discriminatory conduct in addition to punitive damages and civil penalties and fines for each offense, attorney fees, costs and disbursements of this action.  N.Y.C. Administrative Code § 8-120(8), § 8-126(a) and § 8-502(a).

## FIFTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF CLASS AND SUB-CLASS FOR DECLARATORY RELIEF

94.    The Plaintiff realleges and incorporates the allegations contained in paragraphs "1" to "93" as if fully set forth herein.

95.    The Plaintiff claims that the Website contains barriers denying deaf and hard-of-hearing individuals full and equal access to the goods and services of the Website.

96.    Defendant's Website fails to comply with applicable laws and the Defendant discriminates against the Plaintiff and Sub-Class under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.,* N.Y. Exec. Law§ 296, *et seq.,* and N.Y.C. Administrative Code § 8-107, *et seq.*

97.    The Defendant denies these claims.

98.    The Plaintiff seeks a declaratory judgment such that the parties understand and know their

respective rights and obligations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

a. A declaratory judgment pursuant to Federal Rules of Civil Procedure Rule 57 declaring the Defendant's policies, procedures and practices are discriminatory against the Plaintiff in violation of Title III of the Americans with Disabilities Act, The New York Human Rights Law, The New York City Human Rights Law and the laws of New York;

b. Enjoining the Defendant from actions that deny deaf and hard of hearing individuals access to the full and equal enjoyment of Defendant's Website and from violating the Americans with Disabilities Act, 42 U.S.C. § 12182, *et seq.,* N.Y. Exec. Law§ 296, *et seq.,* N.Y.C. Administrative Code§ 8-107, *et seq.,* and the laws of New York;

c. An Order of the Court requiring the Defendant to make the Website fully compliant with the requirements set forth in the ADA, and its regulations, so that the Website is readily accessible to and usable by deaf and hard-of-hearing individuals;

d. An Order of the Court which certifies this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3); appointing Plaintiff as Class Representative; and his attorney as counsel for the Class;

e. Compensatory damages, statutory penalties and fines for Plaintiff and the proposed Subclass for violations of their civil rights under New York State Human Rights Law and New York State Civil Rights Law;

f. Compensatory damages, punitive damages, penalties and fines pursuant to the New York City Human Rights Law;

g.  Reasonable costs, disbursements and Plaintiff's attorney fees pursuant to the ADA, New York Human Rights Law, New York City Human Rights Law and the laws of New York;

h.  For pre-judgment and post-judgment interest to the highest extent permitted by law; and

i.  Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself the Class and Sub-Class demands a trial by jury on all issues and requested relief.

Dated: Manhasset, New York
      February 5, 2021            /s/ Mitchell Segal

                           Mitchell Segal, Esq.
                           Law Offices of Mitchell Segal, P.C.
                           *Attorneys for Plaintiff, the Class and Subclass*
                           1129 Northern Boulevard, Suite 404
                           Manhasset, New York 11030
                           Ph. (516) 415-0100
                           Fx. (516) 706-6631